561 S.E.2d 21

**Michael MEGEL**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1480–98–4.**

Court of Appeals of Virginia.

March 19, 2002.

---

Marvin D. Miller (Law Offices of Marvin D. Miller, on brief), Alexandria, for appellant.

John H. McLees, Jr., Senior Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BENTON and ANNUNZIATA, JJ., and COLEMAN, Senior Judge.

ANNUNZIATA, Judge.

This matter comes before the Court on remand from the Supreme Court of Virginia. *Megel v. Commonwealth,* 262 Va. 531, 537, 551 S.E.2d 638, 642 (2001). Michael Megel was indicted in the Circuit Court of Fairfax County for possession of firearms by a convicted felon, in violation of Code § 18.2–308.2. He filed a motion to suppress the evidence of the firearms, found in a warrantless search of his home. Denying the motion, the trial judge ruled that the search was lawful because (i) Megel had no reasonable expectation of privacy in his home while he was in the electronic incarceration program

and (ii), in addition, "Megel consented to the officer's request to search, thus, obviating the need for a warrant." Megel was thereafter convicted of the charged offense in a trial by jury and sentenced by the trial court to twelve months in jail, in accordance with the jury's verdict.

Megel appealed the conviction to this Court. In his petition for appeal, Megel presented the following four questions:

1. Is participation in an electronic home detention program a per se waiver of Fourth Amendment rights of privacy in the home one shares with others?

2. Can a court deny the defense access to exculpatory evidence indicating perjury on the part of a key prosecution witness?

3. Can a court quash a defense subpoena duces tecum for exculpatory evidence on which the defense wishes to rely to establish perjury on the part of a key prosecution witness without the court first reviewing the information at issue so that it knows for itself what is in controversy?

4. Is the defense entitled to its theory of the case instructions in its words so long as the instructions are consistent with the facts and the law?

We granted an appeal on Questions 1, 2 and 3.

A panel of the Court, with one judge dissenting, affirmed the judgment, and held that Megel had no reasonable expectation of privacy in his home while in the electronic incarceration program. *Megel v. Commonwealth,* 31 Va.App. 414, 524 S.E.2d 139 (2000). On rehearing *en banc,* the full Court of Appeals affirmed the conviction for the reasons stated in the panel opinion. *Megel v. Commonwealth,* 33 Va.App. 648, 536 S.E.2d 451 (2000) (*en banc*). The Supreme Court reversed the conviction, annulled the judgment of the Court of Appeals, and remanded the matter to this Court for consideration of the issue of consent. *Megel,* 262 Va. at 537, 551 S.E.2d at 642. "Although [the Supreme Court] question[ed] whether Megel raised [the issue of consent] before the Court of Appeals, [the Supreme Court left] that determination to the Court of Ap-

peals." *Id.* We hold that Megel's appeal on this issue is procedurally barred.

On appeal, we will consider "[o]nly those arguments presented in the petition for appeal and granted by this Court...." *Alexander v. Commonwealth,* 28 Va.App. 771, 776, 508 S.E.2d 912, 914, *aff'd on reh'g en banc,* 30 Va.App. 152, 515 S.E.2d 808 (1999); *see Cruz v. Commonwealth,* 12 Va.App. 661, 664 n. 1, 406 S.E.2d 406, 407 n. 1 (1991). Rule 5A:12(c) specifically provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." *See also* Rule 5A:20(c). Although Megel argued the issue of consent in his petition for appeal, he failed to include the issue of consent in the questions he presented on appeal. None of the questions presented in the petition for appeal challenged the trial judge's finding that Megel voluntarily consented to the search in question.

Because Megel failed to raise the issue of consent as a question presented in his petition for appeal, his challenge to the trial judge's finding that he consented to the search is procedurally barred. We accordingly affirm his conviction.

*Affirmed.*